IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENJAMIN BALDUCCI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR HOME, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM<br><br><br>Case No. 2:21-CV-729 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff brings this putative class action asserting that Defendant violated the Fair Labor Standards Act ("FLSA") when it misclassified him as an independent contractor and failed to pay overtime and minimum wages. Defendant filed a counterclaim, asserting a claim for indemnification under the Independent Contractor Agreement signed by Plaintiff. Relevant here, that indemnification provision requires Plaintiff to indemnify Defendant from any breach by Plaintiff of "any of the covenants, terms or conditions contained in [the] Agreement."[1] Defendant contends that one such "covenant, term or condition" is the agreement that Plaintiff would work for a liquidated fee amount. Defendant's claim is contingent on the Court finding

---

[1] Docket No. 34 § 12.6.

the Agreement to be enforceable and that Plaintiff was properly classified as an independent contractor.

Plaintiff seeks dismissal of Defendant's counterclaim, arguing the Court should decline to exercise supplemental jurisdiction over it, that it fails to state a plausible claim, is not ripe, and is preempted by the FLSA.

## II.  MOTION TO DISMISS STANDARD

Justiciability challenges are properly brought as challenges to subject-matter jurisdiction under Rule 12(b)(1).[2]  A challenge to subject-matter jurisdiction under Rule 12(b)(1) may take one of two forms. First, a party may bring a facial attack, which "looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[3]  Alternatively, a party may bring a factual attack, which "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[4]  Where, as here, Plaintiff present a facial challenge, the court applies the standard applicable to motions under 12(b)(6).[5]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Defendant

---

[2] *See Morgan v. McCotter*, 365 F.3d 882, 887 (10th Cir. 2004) ("[J]usticiability implicates this court's jurisdiction.").

[3] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n. 1 (10th Cir. 2010).

[4] *Id.* (internal citation omitted)

[5] *Id.*

as the nonmoving party.[6] Defendant must provide "enough facts to state a claim to relief that is plausible on its face,"[7] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [defendant's counterclaim] alone is legally sufficient to state a claim for which relief may be granted."[10] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[11]

In considering a motion to dismiss, a district court considers not only the counterclaim "but also the attached exhibits,"[12] the "documents incorporated into the complaint by reference,

---

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[10] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[12] *Commonwealth Prop. Advoc., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

and matters of which a court may take judicial notice."[13] The Court "may consider documents referred to in the [counterclaim] if the documents are central to the [defendant's] claim and the parties do not dispute the documents' authenticity."[14]

### III. DISCUSSION

A.    RIPENESS

Plaintiff argues that Defendant's counterclaim for indemnification is not ripe. Article III of the Constitution limits the jurisdiction of the federal courts to "cases" or "controversies." A "case or controversy" is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests . . . [and] admitting of specific relief through a decree of a conclusive character."[15] The "case or controversy" requirement is vague,[16] but at minimum it requires some sort of active dispute that has consequences in the real world.[17]

The doctrine of ripeness is a subcategory of justiciability that "aims to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[18] Courts determining ripeness look at "(1) the *fitness* of the issue for judicial

---

[13] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[14] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (internal citation omitted).

[15] *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937) (internal citation omitted).

[16] *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("Unfortunately, there is no formula to determine in every dispute whether the Article III 'Case or Controversy' requirement has been satisfied.").

[17] *Id.* at 1380.

[18] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1275 (10th Cir. 2012) (internal quotation marks and citation omitted).

resolution and (2) the *hardship* to the parties of withholding judicial consideration."[19] "A case meets the first prong if it does not involve uncertain or contingent events that may not occur at all (or may not occur as anticipated). The second prong addresses whether the challenged action is a direct and immediate dilemma for the parties."[20]

As to the duty to indemnify, courts take a "pragmatic approach" in determining whether there is a real controversy about indemnification where resolution would concretely benefit the parties.[21] Where the existence of a duty to indemnify is wholly "contingent on future events, which have not and may never take place," there is no case or controversy and the action should be dismissed or stayed.[22]

By its terms, Defendant's counterclaim is contingent on future events that have not and may never take place. As Defendant recognizes, a finding that Plaintiff was an employee under the FLSA would vitiate its counterclaim.[23] In addition to depending on Plaintiff's FLSA claim failing, the Counterclaim itself makes clear that indemnification is contingent on other future events that may never take place. To trigger the indemnification provision, the Agreement would need to be found enforceable and Plaintiff's actions here would need to be found to have

---

[19] *Id.* (internal quotation marks and citation omitted).

[20] *Id.* (internal quotation marks and citation omitted).

[21] *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989).

[22] *Canal Ins. Co. v. Montello, Inc.*, 632 F. App'x 448, 457 (10th Cir. 2015) (internal citation omitted).

[23] Docket No. 29, at 9 (stating that "a finding that Balducci was an employee under the FLSA would dispose of Clear Home's indemnification Counterclaim").

5

violated a "covenant, term or condition" of the Agreement.[24]  Such findings may never occur. Therefore, Defendant's counterclaim is not ripe.

B.      FAILURE TO STATE A CLAIM

Even if Defendant's counterclaim was ripe, it is insufficiently pleaded.  Defendant's counterclaim it is made up largely of legal conclusions and conclusory allegations that the Court need not accept.  For example, Defendant's counterclaim depends on the contention that Plaintiff is an independent contractor.  While Defendant alleges that Plaintiff was an independent contractor, this is a legal conclusion that the Court need not accept as true and is not supported by any factual allegations.  After stripping away the legal conclusions and conclusory allegations, all that is left in the Counterclaim are snippets of the Independent Contract Agreement, which do not provide sufficient information to state a valid claim.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 24) is GRANTED.  Defendant's counterclaim is dismissed without prejudice.

---

[24] Docket No. 23, at 19 ("*If* the Court finds the Agreement to be enforceable *and* that Balducci was properly classified as an independent contractor, Clear Home is entitled to a judgment enforcing the Indemnification Clause and other terms of the Agreement, including an award of all costs and expenses, including reasonable attorneys' fees, incurred by Clear Home in defending against the Complaint.") (emphasis added).

DATED this 21st day of April, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge